United States District Court
Southern District of Texas
FILED

JAN 1 8 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERTO PINEDA | § | C.A. NO. B-02-011 |
| VS. | § | |
| | § | Pursuant to Rule 9(h) of |
| ENSCO, INC. and | § | the Federal Rules of Civil |
| ENSCO OFFSHORE COMPANY | § | Procedure - ADMIRALTY |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES GILBERTO PINEDA, hereinafter referred to as Plaintiff, complaining of ENSCO, INC. and ENSCO OFFSHORE COMPANY, hereinafter referred to as Defendants, and for cause of action would respectfully show unto this Honorable Court the following:

**I.**

Plaintiff is a resident of the State of Louisiana.

**II.**

Defendant, ENSCO, INC., is a foreign corporation doing business in the State of Texas. Defendant may be served by and through its registered agent for service in the State of Texas, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201, via certified mail, return receipt requested.

Defendant, ENSCO OFFSHORE COMPANY, is a foreign corporation doing business in the State of Texas. Defendant may be served by and through its registered agent for service in the

State of Texas, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201, via certified mail, return receipt requested.

### III.

Jurisdiction in this case is founded solely on the basis of Title 28 U.S.C. §1333 in that this is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Rule 9(h).

### IV.

Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, in that Defendants do business in the Southern District of Texas and are amenable to process there.

### V.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. § 688 and pursuant to the admiralty and general maritime laws of the United States. As such, pursuant to Title 28 U.S.C. § 1916, Plaintiff brings this action without the necessity of pre-payment of costs, fees or the necessity of furnishing security therefor.

### VI.

At all times material hereto, Defendant, ENSCO, INC. was the owner of the ENSCO 51, a vessel operating on navigable waters of the United States of America.

### VII.

At all times material hereto, Defendant, ENSCO OFFSHORE COMPANY was the owner of the ENSCO 51, a vessel operating on navigable waters of the United States of America.

## VIII.

At all times material hereto, Defendant, ENSCO, INC., was the operator of the ENSCO 51, a vessel operating on navigable waters of the United States of America.

## IX.

At all times material hereto, Defendant, ENSCO OFFSHORE COMPANY was the operator of the ENSCO 51, a vessel operating on navigable waters of the United States of America.

## X.

At all times material hereto, Plaintiff, GILBERTO PINEDA, was aboard the vessel as an employee of Defendants, ENSCO, INC. and/or ENSCO OFFSHORE COMPANY, and was acting within the course and scope of his employment as a seaman.

## XI.

On or about November 12, 2001, as Plaintiff was performing his regular duties while aboard the ENSCO 51, Plaintiff sustained severe injuries to his head, back, left side, left leg, and other parts of his body. Said injuries were caused in whole or in part by the negligence of the Defendants, their agents, servants and/or employees and/or was legally caused by the unseaworthiness of the ENSCO 51.

## XII.

By reason of the occurrence made the basis of this action, including the conduct on the part of the Defendants, Plaintiff sustained severe bodily injury. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

## XIII.

As a result of the foregoing injuries, the Plaintiff has suffered a loss of wages in the past and a loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

## XIV.

Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

## XV.

As a result of the injuries sustained in the occurrence of November 12, 2001, Plaintiff has suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

## XVI.

Plaintiff is physically impaired as a result of injuries sustained on or about November 12, 2001. As a consequence he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

## XVII.

Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

## XVIII.

Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel. As a result, Defendants, ENSCO, INC. and/or ENSCO OFFSHORE COMPANY

had, and continue to have, a non-delegable duty to provide the Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendants' duty continues. Defendant has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount. As a result of Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.

## XIX.

Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now sues, in addition to all other relief sought.

WHEREFORE, PREMISES CONSIDERED, Plaintiff GILBERTO PINEDA, prays for judgment against Defendants, ENSCO, INC. and ENSCO OFFSHORE COMPANY, jointly and severally, in the amount of NINE HUNDRED FIFTY THOUSAND AND NO/100THS ($950,000.00) DOLLARS, pre- and post-judgment interest as allowed by law, for all costs of Court, and all such other and further relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

**THE LAW OFFICES OF
ANTHONY G. BUZBEE, P.C.**

By: _____
ANTHONY G. BUZBEE
STATE BAR NO. 24001820
2401 W. Parkwood Avenue
Friendswood, Texas 77546
281/992-5393
281/992-5392 (FAX)

COUNSEL FOR PLAINTIFF,
GILBERTO PINEDA

• AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern                                  District of                                  Texas

GILBERTO E. PINEDA

V.

ENSCO, INC. and
ENSCO OFFSHORE COMPANY

SUMMONS IN A CIVIL CASE

CASE NUMBER: B-02-011

TO: (Name and address of Defendant)

ENSCO OFFSHORE COMPANY, by and through its registered agent for
service: C.T. Corporation System, 350 N. St. Paul Street, Dallas,
Texas 75201.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Anthony G. Buzbee
The Law Offices of Anthony G. Buzbee, P.C.
2401 W Parkwood Avenue
Friendswood, Texas   77546

an answer to the complaint which is herewith served upon you, within ____Twenty 20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

You are hereby served with Plaintiff's Original Complaint, Summons
and Order for Conference.

Michael N. Milby                                                 1-18-02

CLERK                                                            DATE

*(signature)*

(By) DEPUTY CLERK

• AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern  District of  Texas

GILBERTO E. PINEDA

V.

ENSCO, INC. and
ENSCO OFFSHORE COMPANY

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B-02-011

TO: (Name and address of Defendant)

ENSCO, INC., by and through its registered agent for service:
C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas
75201.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Anthony G. Buzbee
The Law Offices of Anthony G. Buzbee, P.C.
2401 W Parkwood Avenue
Friendswood, Texas 77546

an answer to the complaint which is herewith served upon you, within Twenty 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

You are hereby served with Plaintiff's Original Complaint, Summons
and Order for Conference.

Michael N. Milby  
CLERK  
*[signature]*  
(By) DEPUTY CLERK

1-18-02  
DATE