

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| GILBERTO PINEDA | § | |
| | § | |
| VS. | § | C.A. NO. B-02-011 |
| | § | |
| ENSCO INC. AND ENSCO OFFSHORE COMPANY | § | |
| | § | |

## ORIGINAL ANSWER OF DEFENDANT
## ENSCO OFFSHORE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ENSCO Offshore Company, named as a Defendant herein, and files this its Original Answer, respectfully showing unto the Court as follows:

### FIRST DEFENSE

Plaintiff's Original Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has filed suit in an improper venue. FRCP 12(b)(3); 28 U.S.C. 1406.

### THIRD DEFENSE

Alternatively, the venue in which suit has been filed is inconvenient to the Defendant or witnesses. 28 U.S.C. 1404(a).

### FOURTH DEFENSE

Defendant answers the allegations contained in Plaintiff's Original Complaint in correspondingly numbered paragraphs as follows:

19864♦2PJGH2119.RLK

I.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph I relating to Plaintiff's residency, therefore, they are denied.

II.

Defendant admits that it is a foreign corporation and that C.T. Corporation System is its registered agent for service of process. The remaining allegations contained in paragraph II are legal in nature and require no response from Defendant.

III.

The allegations contained in paragraph III are legal in nature and require no response from Defendant.

IV.

The allegations contained in paragraph IV are legal in nature and require no response from Defendant; alternatively, they are denied.

V.

Defendant admits that Plaintiff is a seaman. The remaining allegations of paragraph V are legal in nature and require no response from Defendant.

VI.

Defendant denies the allegations of paragraph VI.

VII.

Defendant admits the allegations of paragraph VII.

VIII.

Defendant denies the allegations of paragraph VIII.

IX.

Defendant admits the allegations of paragraph IX.

X.

Defendant admits that it was Plaintiff's employer at relevant times. Defendant denies that Co-Defendant ENSCO Inc. was Plaintiff's employer at relevant times. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph X at this time; therefore, they are denied.

XI.

Defendant denies the allegations of paragraph XI.

XII.

Defendant denies the allegations of paragraph XII.

XIII.

Defendant denies the allegations of paragraph XIII.

XIV.

Defendant denies the allegations of paragraph XIV.

XV.

Defendant denies the allegations of paragraph XV.

XVI.

Defendant denies the allegations of paragraph XVI.

XVII.

Defendant denies the allegations of paragraph XVII.

XVIII.

Defendant denies the allegations of paragraph XVIII.

XIX.

Defendant denies the allegations of paragraph XIX.

XX.

Defendant denies that Plaintiff is entitled to the relief prayed for.

**FIFTH DEFENSE**

For further answer, if such be necessary, and without waiving the foregoing, Plaintiff's injuries and damages, if any, were proximately caused, in whole or in part, by Plaintiff's own negligence.

**SIXTH DEFENSE**

For further answer, if such be necessary, and without waiving the foregoing, Plaintiff's injuries and damages, if any, were the result of an unavoidable accident or one occurring without negligence.

**SEVENTH DEFENSE**

For further answer, if such be necessary, and without waiving the foregoing, Plaintiff's injuries and damages, if any, were the result, in whole or in part, of preexisting and/or subsequently occurring conditions, injuries, illnesses or diseases for which Defendant is not legally responsible.

**EIGHTH DEFENSE**

For further answer, if such be necessary, and without waiving the foregoing, Plaintiff's injuries and damages, if any, were proximately caused, in whole or in part, by the negligence and/or breach of duty of third parties and/or by instrumentalities not under the control of Defendant and for which Defendant is not legally responsible.

## NINTH DEFENSE

For further answer, if such be necessary, and without waiving the foregoing, Plaintiff's injuries and damages, if any, were the result of open and obvious conditions and/or risks assumed by Plaintiff.

## TENTH DEFENSE

For further answer, if such be necessary, and without waiving the foregoing, Plaintiff has failed to mitigate his damages, if any.

## ELEVENTH DEFENSE

For further answer, if such be necessary, and without waiving the foregoing, Plaintiff is not entitled to recovery of non-pecuniary damages herein as a matter of law.

## TWELVTH DEFENSE

For further answer, if such be necessary, and without waiving the foregoing, Defendant alleges that it is entitled to a credit/offset against its obligation to provide maintenance and cure, if any, for all payments received by Plaintiff from his union, Medicare, Social Security or any other governmental source for medical and/or disability benefits.

WHEREFORE, PREMISES CONSIDERED, Defendant ENSCO Offshore Company prays that Plaintiff's Original Complaint be dismissed, or in the alternative, that upon final hearing judgment be entered that Plaintiff take nothing by his suit against Defendant and that Defendant be awarded its costs incurred in the defense of this action, and that Defendant have all other further relief to which it may be justly entitled.

Respectfully submitted,

*[signature: Robert L. Klawetter]*

Robert L. Klawetter
State Bar No. 11554700
20th Floor, Niels Esperson Building
808 Travis Street
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 – Telefacsimile

Attorneys for Defendant,
ENSCO Offshore Company

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P., attorneys in charge for the Defendant herein, and that I forwarded a true and correct copy of the foregoing to all counsel of record on this the 7th day of **February, 2002**.

**CM/RRR #7001 0320 0000 7030 0412**
Mr. Anthony H. Buzbee
Attorney at Law
2401 W. Parkwood Avenue, Suite B
Friendswood, Texas 77546

*[signature: Robert L. Klawetter]*

Robert L. Klawetter