7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Courts
Southern District of Texas
FILED

FEB 21 2002

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| GILBERTO PINEDA | § | |
| | § | C.A. NO. B-02-011 |
| VS. | § | |
| | § | Pursuant to Rule 9(h) of |
| ENSCO, INC. and | § | the Federal Rules of Civil |
| ENSCO OFFSHORE COMPANY | § | Procedure - ADMIRALTY |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff and Defendants and file this their Joint Discovery/Case Management Plan.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Nicholas Simon for Plaintiff and Robert Klawetter for Defendants met telephonically.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   None.

3. Briefly describe what this case is about.

   Plaintiff alleges he was injured while in Defendant' employ and while working on Defendants' rig. Defendant ENSCO Offshore Company admits that it was Plaintiff's employer and the rig owner at relevant times. Defendant ENSCO Inc. denies that it was either Plaintiff's employer or the rig owner. Both Defendants ENSOC Offshore Company and ENSCO Inc. deny liability for Plaintiff's injury and damages, if any.

4. Specify the allegation of federal jurisdiction.

   Admiralty and general maritime law.

5.  Name the parties who disagree and the reasons.

    N/A.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    None.

7.  List anticipated interventions.

    None anticipated at this time.

8.  Describe class-action issues.

    None.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    The parties will make their initial disclosures within ten (10) days from the date of their meeting.

10. Describe the proposed agreed discovery plan, including:

    (a) Responses to all the matters raised in Rule 26(f).

      No changes -- see #9 above

    (b) When and to whom the Plaintiff anticipates it may send Interrogatories.

      Plaintiff anticipates serving written discovery within ten (10) days of the Rule 26(f) meeting.

(c)  When and to whom the Defendant anticipates it may send Interrogatories.

Defendants anticipate serving written discovery within ten (10) days of the Rule 26(f) meeting.

(d)  Of whom and by when the Plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking the depositions of all persons who witnessed the incident in question and/or have relevant knowledge of the facts and circumstances surrounding the incident in question, as well as all persons listed by Defendants as having knowledge of relevant facts. This should be accomplished within five months.

(e)  Of whom and by when the Defendants anticipate taking oral depositions.

Defendants will or may depose Plaintiff, any and all crew members whom Plaintiff identified as having knowledge of relevant facts, any other witness Plaintiff identified as having knowledge of relevant facts, Plaintiff's experts, medical providers, and any of Defendant's experts who will not be available to testify live at trial. This should be accomplished within five months.

(f)  When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

The parties shall designate experts and provide reports within the deadlines imposed by this Court.

(g)  List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a) (2) (6) (expert report).

Plaintiff anticipates taking the depositions of all experts designated by Defendants. This should be accomplished within the deadlines imposed by this Court.

(h)  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a) (2) (8) (expert report).

Defendants anticipate taking the depositions of all experts designated by Plaintiff. This should be accomplished within the deadlines imposed by this Court.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    N/A

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    The parties anticipate that discovery can be completed within five months.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties have agreed to conduct voluntary settlement negotiations following completion of preliminary factual discovery, including mediation.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties are attempting to compile information necessary to properly evaluate the claim in an effort to bring about a prompt resolution.

16. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    The Parties believe that mediation may be suitable after initial discovery is undertaken.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties cannot agree to trial by magistrate judge.

4

18. State whether a jury demand has been made and if it was made on time.

    N/A

19. Specify the number of hours it will take to present the evidence in this case.

    The Plaintiff and Defendants anticipate it will take approximately 2 to 3 days to present the evidence in this case.

20. List pending motions that could be ruled on at the initial pre-trial and scheduling conferences.

    None.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    It is Defendant ENSCO Inc.'s position that it is neither a necessary nor a proper party to this litigation. It did not employ Plaintiff. It did not own, charter, operate or manage the rig in question. It was not involved in the operations underway at the time of the alleged accident. Defendant ENSCO Inc. will file a motion to dismiss in accordance with the Court's docket control order if not voluntarily dismissed by Plaintiff.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Plaintiff will file within 10 days of Rule 26 Meeting.

    Defendants filed their Certificate of Interested Parties on February 07, 2002.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

    Please see signature blocks below.

Respectfully submitted,

**THE LAW OFFICES OF
ANTHONY G. BUZBEE, P.C.**

By: _____
ANTHONY G. BUZBEE
STATE BAR NO. 24001820
2401 W. Parkwood Avenue, Suite B
Friendswood, Texas 77546
281/992-5393
281/992-5392 (FAX)

ATTORNEY FOR PLAINTIFF
GILBERTO PINEDA


**EASTHAM, WATSON, DALE & FORNEY, L.L.P.**

By: _____ *
ROBERT L. KLAWETTER
STATE BAR NO. 11554700
20th Floor, Niels Esperson Building
808 Travis Street
Houston, Texas  77002
713/225-0905
713/225-2907 (FAX)

ATTORNEY FOR DEFENDANTS,
ENSCO, INC. and
ENSCO OFFSHORE COMPANY


* Signed by permission

6